No. 3158.—Orens Capmartin *v.* Police Jury, parish of Natchitoches.

Notes, given by the Police Jury without an ordinance of that body authorizing their issue, impose no legal obligation on the parish to redeem them.

An ordinance of the Police Jury, passed subsequent to the issuing of notes, authorizing their issue, will not render valid those notes which were issued without the authority of the ordinance and before it was passed.

Under the act of 1853, the Police Juries are prohibited from contracting a debt against the parish they represent without providing in the same ordinance for the payment of the principal of the debt so contracted. Therefore, the notes authorized to be issued by ordinance of the Police Jury, can not be enforced against the parish, if the ordinance that authorizes their issue, does not provide the means for paying the principal and interest on such notes.

APPEAL from the Ninth District Court, parish of Natchitoches. *Osborn, J. Chaplin, Morse & Chaplin,* for plaintiff and appellee. *O. A. Bullard* and *J. M. B. Tucker,* for defendant and appellant.

Wyly, J. The plaintiff alleges that the parish of Natchitoches is indebted to him twenty-one hundred and eighty-five dollars, with five per cent. per annum interest thereon from judicial demand for this, that he is the holder and owner of thirty-five notes issued by the Police Jury of said parish, dated Natchitoches, Louisiana, August twelfth, 1862, each for the sum of five dollars, each payable to bearer in current funds, and each signed by P. M. Backen, President of the Police Jury, B. J. Bouis, Clerk, and paraphed, "Receivable for all parish dues, parish taxes of 1861, 1862 pledged;" that the petitioner is also the owner and holder of one hundred and sixty-one promissory notes, also made by the said Police Jury, dated Natchitoches, Louisiana, August

the twelfth, 1862, each for the sum of ten dollars, each payable to bearer in current funds, and each signed by P. M. Backen, President of the Police Jury, B. J. Bouis, Clerk, and paraphed, "Receivable for parish dues, parish taxes of 1861, 1862 pledged;" that the petitioner is also the owner and holder of forty promissory notes made by the said Police Jury, dated Natchitoches, Louisiana, January 6, 1863, each for the sum of ten dollars, each payable in current funds, and each signed by P. M. Backen, President of the Police Jury, B. J. Bouis, Clerk, and paraphed, "Receivable for all parish dues, parish taxes of 1861, 1862 pledged."

The prayer of the petition is for judgment against the parish of Natchitoches for said $2185 with interest and costs.

The defense is the general denial, an averment that the notes sued on were issued in aid of the rebellion; that the Police Jury had no authority to issue said bills or notes, because such power had not been given them by the State; that they were intended, as "bills of credit," to circulate as money, which the State itself was prohibited from issuing by the Constitution of the United States.

The court gave judgment for the plaintiff and the defendant has appealed. The prescription of five years urged in the brief was not pleaded in the court below, and it has not been filed in this court; however applicable it may be to most of the notes sued on, we are not permitted to supply the plea which the parties have not seen fit to file.

The defense that the Police Jury had no authority to create the indebtedness evidenced by the notes sued on, urged by the defendant, we think, is well taken.

The notes seem to have been issued without any ordinance whatever of the Police Jury. There is, however, in the record, the copy of an ordinance allowing the issuance of notes of the character before us, but this ordinance was passed subsequent to the issuance of these notes. But if they had been issued under the ordinance in the record, they are illegal, because that ordinance creating the debt does not provide "the means for paying the principal and interest of the debt so contracted." Acts 1853, 234.

Police Juries are the creatures of the Legislature, and their powers are limited. They can not bind the parish by their acts or contracts further than they are permitted to do so by express law. We know of no law which permitted the parish of Natchitoches to issue the bills or notes sued on, and which for a time were circulated in that parish as bills of credit or money. The judgment appealed from is erroneous.

It is therefore ordered that the judgment of the court a qua be set aside and annulled, and that there be judgment for the defendant, plaintiff paying costs of both courts.